



# MEMORANDUM OPINION

No. 04-09-00209-CR

Anthony Ray **PERRYMAN**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-4078
Honorable Raymond Angelini, Judge Presiding

Opinion by:   Rebecca Simmons, Justice

Sitting:      Catherine Stone, Chief Justice
              Sandee Bryan Marion, Justice
              Rebecca Simmons, Justice

Delivered and Filed: March 24, 2010

REVERSED AND REMANDED

Appellant Anthony Ray Perryman was convicted by a jury for the offense of possessing a controlled substance in an amount of less than one gram and subsequently sentenced by the trial court to eleven years confinement in the Institutional Division of the Texas Department of Criminal Justice. On appeal, Perryman contends that: (1) his sentence is illegal and void because the State failed to prove up the two non-state jail felonies necessary in order to punish Perryman as a habitual offender; and (2) he was denied constitutionally adequate notice of the State's intent

to further enhance his punishment. Because the trial court erred in enhancing Perryman's punishment to a second-degree felony, we remand this matter to the trial court for further proceedings consistent with this opinion.

## PROCEDURAL BACKGROUND

The State's original indictment alleged two enhancements—both state jail felonies for possession of a controlled substance. On the day of trial, the State presented Perryman with notice of its intent to use two additional prior convictions in order to enhance Perryman's punishment to a second-degree felony: (1) a 1977 felony conviction for voluntary manslaughter; and (2) the manufacturing/delivery of a controlled substance of less than one gram. Neither conviction was included in the original indictment for enhancement purposes.

Perryman was convicted of possession of a controlled substance penalty group one, less than one gram, which is a state jail felony offense punishable under section 12.35 of the Texas Penal Code. *See* TEX. HEALTH & SAFETY CODE § 481.115(b) (Vernon 2003). Following his conviction, Perryman entered a plea of true to the two enhancement allegations contained in the original indictment, but objected to the untimeliness of the two new enhancement allegations. The court overruled the objection, and Perryman subsequently entered a plea of true to the additional enhancement allegations. This appeal followed.

## IMPROPER ENHANCEMENT OF SENTENCE

Perryman contends that the trial court improperly enhanced his sentence due to the State's failure to prove the two non-state jail felonies required to enhance his punishment to a second-degree felony. In order to elevate a state jail felony punishable under section 12.35 to the punishment level for a second-degree felony under section 12.42, the State must prove the defendant was previously convicted of two felonies, and the second felony conviction must occur

after the first felony conviction is final. TEX. PENAL CODE ANN. § 12.42(a)(2) (Vernon 2003) (penalties for repeat and habitual felony offenders).

In order to enhance a state jail felony conviction to a second-degree felony punishment under section 12.42(a), the State must allege two sequential non-state jail felonies. *Campbell v. State*, 49 S.W.3d 874, 878 (Tex. Crim. App. 2001) (under section 12.42(a) of the Texas Penal Code, "the terms 'felony' and 'state jail felony' are mutually exclusive"). The State's original indictment alleged two state jail felonies. Thereafter, the State filed a notice of intent to use two prior convictions for enhancement of punishment, alleging two different prior convictions: one state jail felony, and one non-state jail felony conviction. The State alleged three prior state jail felony convictions, but only one non-state jail felony conviction. Therefore, Perryman's offense is not punishable as a second-degree felony. Because the enhancement of Perryman's punishment was improper, his sentence is void. *See Ex parte Johnson*, 697 S.W.2d 605, 607 (Tex. Crim. App. 1985).

In its brief, the State concedes that it lacked the requisite number of non-state jail felonies to enhance Perryman's sentence to a second-degree felony. Accordingly, the trial court was bound to assess punishment in accordance with that of a third-degree felony. *See* TEX. PENAL CODE ANN. § 12.42(a)(1) (providing that state jail felony, with two prior state jail felonies convictions is punishable as a third-degree felony). Because the trial court erred in assessing Perryman's punishment at the level of a second-degree felony, we remand this matter to the trial court for a new hearing on punishment.[1]

Rebecca Simmons, Justice

DO NOT PUBLISH

---

[1] Because Perryman's range of punishment issue is dispositive in this matter, we need not address his remaining issue on appeal. *See* TEX. R. APP. P. 47.1 (requiring concise opinions addressing only those issues "necessary to find disposition of the appeal").